UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| FEMI JAY ISIJOLA,<br>Plaintiff,<br><br>v.<br><br>US TELECOMMUNICATIONS, INC, et al.,<br>Defendants. | Civil Action No. 4:23-CV-40080-MRG |

MEMORANDUM AND ORDER ON DEFENDANT MONICA BARTELS' MOTION TO DISMISS [ECF NO. 22]

GUZMAN, J.

## I. INTRODUCTION

Plaintiff Femi Jay Isijola brings five counts against Defendants US Telecommunications, Inc. ("UTSCi"), Miguel Ortiz, and Monica Bartels: Counts I, II, and V under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000c et seq., Count III under 42 U.S.C. § 1981(a)-(c) for equal rights, and Count IV under Mass. Gen. Laws ch. 149, §§ 148, 150 for state wage discrimination. Before the Court is Defendant Monica Bartels' motion to dismiss [ECF No. 22], in which Bartels argues that this Court does not have personal jurisdiction over her.

For the reasons explained below, the Court **denies** Bartels' motion to dismiss with respect to Counts III and IV and **sua sponte dismisses** Counts I, II, and V as applied against Defendants Bartels and Ortiz. Plaintiff's Title VII claims against his employer, USTCi, (also Counts I, II, and V) remain.

## II. JURISDICTIONAL FACTS[1]

---

[1] The following facts are taken from the Complaint [ECF No. 1] in the light most favorable to Plaintiff as the nonmoving party. Fountain v. City of Methuen, 630 F. Supp. 3d 298, 305 (D. Mass. 2022) (citing Rivera-Gomez v. de Castro, 843 F.2d 631, 635 (1st Cir. 1988)). The Court only refers

Plaintiff alleges two relevant facts concerning Bartels' individual jurisdiction: first, that she resides in Florida, and second, that she sent emails to Plaintiff regarding a purported payroll error and about his job performance post-termination. [Compl. ¶¶ 10, 60-63, 90-100, ECF No. 1].

Plaintiff was employed at UTSCi, a Florida-based company, under the supervision of his Regional Manager, Defendant Miguel Ortiz, in the Boston office. [Id. ¶¶ 8, 9]. Defendant Bartels is Vice President of Operations in USTCi's Florida office, and was designated in the employee handbook as the person to whom all reports of discrimination should be directed. [Id. ¶¶ 10, 123].

According to the Complaint, on June 13, 2021, Plaintiff informed Bartels via email that he was being paid below the Massachusetts minimum wage rate of $13.50, which took effect on January 1, 2021. [Id. ¶ 60]. He claims he continued to receive the lower, previous wage despite this notification. [Id.] Bartels allegedly responded on June 14, 2021, promising to correct the payroll discrepancies; however, Plaintiff asserts that he never received confirmation of such corrections.[2] [Id. ¶¶ 61, 63].

For reasons that are in dispute, Plaintiff alleges that his employment with USTCi was terminated on February 2, 2022 via a phone call from Ortiz. [Id. ¶ 86]. Following Plaintiff's termination, on February 4, 2022, Bartels reportedly sent an email expressing sympathy for his situation. [Id. ¶ 90]. Plaintiff responded, expressing his devastation, and accused Ortiz of wrongfully terminating him due to racial discrimination. [Id. ¶¶ 91-96]. Bartels allegedly justified

---

to facts that are relevant to Bartels' personal jurisdiction analysis and the sua sponte dismissal. The factual summary in this opinion does not cover all of Plaintiff's allegations.

[2] Elsewhere in his Complaint, Plaintiff asserts that he was indeed being paid $13.50 an hour at least since the beginning of 2022: he claims he had to notify Ortiz on February 1, 2022 that his wage should be increased from $13.50 an hour to $14.25 an hour due to statutory increase in the Massachusetts minimum wage that took effect January 1, 2022. [Compl. ¶ 76].

Ortiz's decision, stating that Plaintiff had failed to meet sales targets and that the issue had been internally discussed. [Id. ¶ 97].

No additional jurisdictional evidence was provided by Plaintiff, either in the Complaint or through supplemental filings. Furthermore, Plaintiff has not furnished the Court with copies of the electronic communications in question; he has only alleged details regarding their content. Consequently, the Court will base its jurisdictional analysis on the aforementioned facts.[3]

### III. GENERAL LEGAL STANDARD

This Court cannot hear a case unless it has personal jurisdiction over the parties, which really means the "power to require [them] to obey its decrees." Hannon v. Beard, 524 F.3d 275, 279 (1st Cir. 2008). When, as here, a district court rules on a motion to dismiss on personal jurisdiction grounds without an evidentiary hearing, the prima facie standard applies. United States v. Swiss Am. Bank, Ltd., 274 F.3d 610, 618 (1st Cir. 2001).

Under this standard, the Court takes Plaintiff's "properly documented evidentiary proffers as true and construe[s] them in the light most favorable to [Plaintiffs'] jurisdictional claim." A Corp. v. All Am. Plumbing, Inc., 812 F.3d 54, 58 (1st Cir. 2016); see Lin v. TipRanks, Ltd., 19 F. 4th 28, 33 (1st Cir. 2021) (explaining that the court takes the "specific facts affirmatively alleged by the plaintiff as true" regardless of whether they are disputed but, at the same time, does not credit "conclusory allegations" or "conclusory averments" without "evidence of specific facts."). Plaintiffs may not "rely on unsupported allegations in their pleadings." Platten v. HG Bermuda Exempted Ltd., 437 F.3d 118, 134 (1st Cir. 2006). Instead, Plaintiffs must put forward "evidence

---

[3] It should be noted that Plaintiff was given the opportunity to attend a hearing on the motion but refused to attend. He informed the Court via email one minute prior to the hearing that he would not attend, due to his pending motion for the Judge to recuse herself from all civil matters in which he is a party. [ECF No. 54] The motion was subsequently denied [ECF No. 55].

3

of specific facts," including affidavits and other supplemental filings, to demonstrate that jurisdiction exists. Id.; Motus, LLC v. CarData Consultants, Inc., 23 F.4th 115, 123 (1st Cir. 2022).

In diversity cases like this one, this Court cannot exercise personal jurisdiction over a non-consenting,[4] non-resident defendant unless the plaintiff meets the requirements of both the forum state's long-arm statute as well as the Due Process Clause of the Fourteenth Amendment. C.W. Downer & Co. v. Bioriginal Food & Sci. Corp., 771 F.3d 59, 65 (1st Cir. 2014) (citation omitted). Courts must make a long-arm statute determination before proceeding to the constitutional question. Estados Unidos Mexicanos v. Smith & Wesson Brands, Inc., No. 21-11269-FDS, 2024 U.S. Dist. LEXIS 140194, at *19 (D. Mass. Aug. 7, 2024) (quoting Mojtabai v. Mojtabai, 4 F.4th 77, 85 (1st Cir. 2021)).

a. **Massachusetts Long-Arm Statute**

This Court may forego a detailed analysis of the Massachusetts Long-Arm Statute, Mass. Gen. Laws ch. 223A, § 3. Defendant has confined its jurisdictional challenge solely to constitutional grounds, thereby obviating the need for a statutory analysis. See Motus, LLC v. CarData Consultants, Inc., 23 F.4th 115. 122 (1st Cir. 2022) ("If a defendant limits its jurisdictional objection to either statutory grounds or constitutional grounds, the court need only consider those particular grounds.") (citing Copia Commc'ns, LLC v. AMResorts, L.P., 812 F.3d 1, 4 (1st Cir. 2016)); see also Get In Shape Franchise, Inc. v. TFL Fishers, LLC, 167 F. Supp. 3d 173, 191 (D. Mass. 2016) ("[W]here the parties do not challenge the application of Massachusetts's long-arm statute, courts consider 'any argument that the long-arm statute does not reach as far as the Fifth

---

[4] It is well-settled that express or implied consent "can [ ] ground personal jurisdiction." See, e.g., Mallory v. Norfolk S. Ry. Co., 600 U.S. 122, 138 (2023).

Amendment allows' waived, and 'proceed directly to the constitutional inquiry.'") (quoting Copia, 812 F.3d at 4).

    b.  **Due Process Analysis**

Under the due process analysis, a court may exercise either general or specific jurisdiction over a defendant. Baskin-Robbins Franchising LLC v. Alpenrose Dairy, Inc., 825 F.3d 28, 35 (1st Cir. 2016). "In assessing personal jurisdiction over a non-resident defendant, a federal court exercising diversity jurisdiction is 'the functional equivalent of a state court sitting in the forum state.'" Astro-Med, Inc. v. Nihon Kohden Am., Inc., 591 F.3d 1, 8 (1st Cir. 2009) (quoting N. Laminate Sales, Inc. v. Davis, 403 F.3d 14, 24 (1st Cir. 2005).

General jurisdiction exists when the defendant has engaged in "continuous and systematic activity" in the forum, even if the activity is unrelated to the suit. Daynard v. Ness, Motley, Loadholt, Richardson & Poole, P.A., 290 F.3d 42, 51 (1st Cir. 2002) (quoting United Elec., Radio & Mach. Workers v. 163 Pleasant St. Corp., 960 F.2d 1080, 1088 (1st Cir. 1992)). The Supreme Court has "made clear that only a limited set of affiliations with a forum will render a defendant amenable to [general] jurisdiction there." Daimler AG v. Bauman, 571 U.S. 117, 137 (2014). Specifically, "[f]or an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile." Goodyear Dunlop Tires Operations, S.A. v. Brown, 564 U.S. 915, 924 (2011).

In contrast, specific jurisdiction focuses on whether "there is a demonstrable nexus between a plaintiff's claims and a defendant's forum-based activities." Swiss Am. Bank, 274 F.3d at 618 (quoting Mass. Sch. of Law at Andover, Inc. v. Am. Bar Ass'n, 142 F.3d 26, 34 (1st Cir. 1998). But to satisfy due process requirements that would subject a non-resident defendant to jurisdiction, a plaintiff must establish three conditions. A Corp., 812 F.3d at 59. First, the claims must directly

arise out of, or relate to, a defendant's forum-state activities. Id. Second, the defendant's in-state contacts must represent a purposeful availment of the privilege of conducting activities in the forum state, thereby invoking the benefits and protections of that state's laws and making the defendant's involuntary presence before the state's courts foreseeable. Id. Lastly, the exercise of jurisdiction must be reasonable. Id. Courts evaluate several factors to determine reasonableness, including "1) the defendant's burden of appearing, 2) the forum state's interest, 3) the plaintiff's interest, 4) the judicial system's interest in obtaining effective resolution and 5) the common interests of all sovereigns in promoting substantive social policies." Levesque v. Schroder Inv. Mgmt. N. Am., Inc., 368 F. Supp. 3d 302, 308 (D. Mass. 2019) (citing Ticketmaster-New York, Inc. v. Alioto, 26 F.3d 201, 209 (1st Cir. 1994)).

In assessing whether emails alone constitute sufficient contact for jurisdiction related to a plaintiff's claims, it is critical to determine the context of these communications and the defendant's intentions in sending the email. Gargano v. Cayman Nat. Corp., No. CIV.A.09-11938-JLT, 2010 WL 2245034, at *5 (D. Mass. June 2, 2010) ("The focus of the purposeful availment inquiry is the defendant's intentionality.") (quoting Adams v. Adams, 601 F.3d 1, 6 (1st Cir. 2010)). If the defendant sent the email to a stateless account or without knowledge of where the recipient would access it, such contact is considered "random, isolated, or fortuitous," not purposeful. Id. (quoting Fairview Mach. & Tool Co. v. Oakbrook Intern. Inc., 56 F. Supp. 2d 134, 139 (D. Mass. 1999)). On the other hand, if the email's content, the recipient's address, or any pertinent details suggest that the defendant was aware of the recipient's location in the forum state, or expected the email to be accessed there, such factors would meet the threshold of purposeful availment for establishing jurisdiction. Kuan Cheng v. U.S. Sports Acad., Inc., No. CV 18-12533-FDS, 2019 WL 1207863, at *8 (D. Mass. Mar. 14, 2019), aff'd sub nom. Kuan Chen v. U.S. Sports Acad., Inc.,

956 F.3d 45 (1st Cir. 2020) ("[W]here an asserted basis for personal jurisdiction is email communications, a threshold question that should be asked with respect to the issue of 'purposeful availment' is whether there is any indication in the substance of the emails, the email address itself, or other facts incident to the communications that the sender of the emails was aware that the recipient was located in or would be accessing the emails from the forum state.") (quoting Watiti v. Walden Univ., No. CIV. A. 07-4782 JAP, 2008 WL 2280932, at *11 (D.N.J. May 30, 2008)).[5]

## IV. DISCUSSION

### a. Plaintiff's Title VII Claims Against Bartels And Ortiz

As a preliminary matter, Plaintiff's Title VII claims against Bartels and Ortiz (Counts I, II, and V) fail as a matter of law as there is no individual employee liability under Title VII. See Fantini v. Salem State Coll., 557 F.3d 22, 30 (1st Cir. 2009); Butler v. Adecco USA Inc., 189 F. Supp. 3d 305, 309 (D. Mass. 2016) ("Plaintiff's federal discrimination claims cannot be maintained against her because these statutes do not apply to individual employee defendants.") Bartels and Ortiz are individual employees of USTCi. [Compl. ¶¶ 10, 9]. Neither Bartels nor Ortiz raised this issue; however, the Court finds sua sponte dismissal is warranted. While sua sponte dismissals "should be dispensed sparingly" and the plaintiff generally should be afforded notice and an opportunity to amend the complaint, here, "it is crystal clear that the plaintiff cannot prevail and that amending the complaint would be futile" and dismissal is appropriate. See Garayalde-Rijos v. Mun. Carolina, 747 F.3d 15, 22-23 (1st Cir. 2014) (citations and internal quotation marks omitted). Accordingly, Plaintiffs' Title VII claims against Bartels and Ortiz are **DISMISSED** with prejudice. Plaintiff's Title VII claims against his employer, USTCi, (also Counts I, II, and V) remain.

---

[5] The Court references the Watiti case, although not binding authority, because it aligns with precedent from this District.

### b. General Jurisdiction

Plaintiff alleges that "the Court may exercise personal jurisdiction over the Defendants Respondents because they reside or do business within the District of Massachusetts." [Compl. ¶ 2]. However, Bartels correctly notes that Plaintiff, in his opposition, appears to aggregate all three defendants, conflating USTCi—a corporate entity—and its requirements for general jurisdiction with those of Ms. Bartels as an individual. [ECF No. 47 at 1].

For Ms. Bartels individually, no evidence supports general jurisdiction; she resides in Florida and has not consented to jurisdiction in Massachusetts. There are zero factual allegations to show or suggest that Bartels' affiliations with Massachusetts are "so 'continuous and systematic' as to render [her] essentially at home in the forum State." See Daimler, 571 U.S. at 137 (quoting Goodyear, 564 U.S. at 919). Accordingly, there is no general jurisdiction over Defendant Bartels.

### c. Specific Jurisdiction

The Court now turns to whether Ms. Bartels' email exchanges with Plaintiff meet the criteria for specific jurisdiction, which requires demonstrating relatedness, purposeful availment, and reasonableness. See A Corp., 812 F.3d at 59.

The Court first examines whether Monica Bartels' emails to Plaintiff are related to the claims presented. Copia, 812 F.3d at 4 ("First, the claim[s] underlying the litigation must directly arise out of, or relate to, a defendant's forum-state activities." (quoting Phillips v. Prairie Eye Ctr., 530 F.3d 22, 27 (1st Cir. 2008)). Plaintiff's remaining claims include Count III, under 42 U.S.C. § 1981(a)-(c) for equal rights, and Count IV, under Mass. Gen. Laws ch. 149, §§ 148, 150 for state wage discrimination. Counts III and IV directly arise from Bartels' email communications. Count III involves allegations of discrimination based on race and color in compensation, as outlined under 42 U.S.C. § 1981(a)-(c). Plaintiff's assertion that he was underpaid is linked to his

communications with Bartels concerning wage discrepancies. [Compl. ¶¶ 10, 60-63]. Similarly, Count IV pertains to a violation of Massachusetts wage laws. Consequently, on the first element of relatedness, the Court determines that Plaintiff's claims in Counts III and IV partially arose from Bartels' emails. See A Corp., 812 F.3d at 59.

Moving to the second element of purposeful availment, the analysis considers the substantive content of Bartels' emails. See Watiti, 2008 WL 2280932, at *11. These alleged communications, specifically concerning the adjustment of wages to comply with Massachusetts law and the internal discussions about Plaintiff's termination, indicate Bartels' direct engagement with business operations in Massachusetts. Additionally, Bartels knew that Plaintiff worked locally for the Boston Office with Massachusetts customers. Given the specifics of these interactions, it was reasonably foreseeable for Bartels that her involvement could subject her to the jurisdiction of Massachusetts courts. See Adams, 601 F.3d at 6.

Finally, Bartels has not demonstrated that litigating the suit in Massachusetts would impose a "special or unusual burden" on her. See Levesque, 368 F. Supp. 3d at 308 (quoting Pritzker v. Yari, 42 F.3d 53, 64 (1st Cir. 1994)). Massachusetts holds a substantial interest in this case as it involves a resident allegedly harmed within the state and seeking relief under its laws. Id. at 309 (citing Ticketmaster-New York, Inc., 26 F.3d at 211). Plaintiff, residing in Massachusetts, is likely to achieve more convenient and effective relief by suing in this forum. See id. The jurisdiction of this Court over UTSCi also facilitates an effective resolution of the entire case, making the forum state particularly suitable. See id. Finally, this litigation does not contravene the common interests of sovereigns in advancing substantive social policies. See id.

Accordingly, the Court finds that the facts alleged by the Plaintiff establish that Bartels had minimum contacts with Massachusetts such that maintaining the suit here does not "offend

traditional notions of fair play and substantial justice." See id. (citing Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945)).

## V.  CONCLUSION

For the foregoing reasons, the Court **denies** Bartels' motion to dismiss with respect to Counts III and IV and **sua sponte dismisses** Counts I, II, and V as applied against Defendants Bartels and Ortiz.

**SO ORDERED.**

Dated: September 13, 2024

    /s/ Margaret R. Guzman
Margaret R. Guzman
United States District Judge