UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **Femi Jay Isijola,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Nos. 4:23-cv-40080-MRG; |
| ) | 4:23-cv-40156-MRG |
| ) | |
| **US Telecommunications, Inc.,** ) | |
| **Miguel Ortiz, and Monica Bartels,** ) | |
| ) | |
| ) | |
| Defendant(s). ) | |
| ) | |

### ORDER ON MOTION TO RECUSE JUDGE

**GUZMAN, J.**

Plaintiff Femi Jay Isijola has two pending civil matters before this Court: the present case (the "USTCi case") and Isijola v. Grasso, Civil No. 4:23-cv-40156 (the "Grasso case"). The following order applies to both of these cases. For the reasons stated below, Plaintiff's Motions for Recusal (a/k/a "Plaintiff's Motion to Disqualify Judge") [ECF No. 59 in the USTCi case; ECF No. 72 in the Grasso case] are **DENIED.**

I.   PROCEDURAL HISTORY

The relevant facts are as follows. The Court ordered a hearing in the USTCi case for defendant Monica Bartels' motion to dismiss, to be held at 10:30am on August 8, 2024. Separately, in the Grasso case, on August 8, 2024, Plaintiff filed a motion to recuse me as the judge from *both* of his civil cases listed above. [ECF No. 72]. At 10:29am on August 8, 2024, while the Court waited to begin the motion to dismiss hearing in the USTCi case, Plaintiff emailed the Courtroom Clerk to notify the Court that he refused to appear before me because he insisted I must recuse

myself. [See email attached as Ex. 1]. Despite the motion for recusal being filed in the Grasso case while the hearing was scheduled in the USTCi case, I treated the motion as applicable to the USCTi case and denied it for reasons stated on the record. The hearing proceeded without Plaintiff's presence. This memorandum and order serve to document Plaintiff's contumacious behavior and to lay out the Court's reasoning in denying the motion for recusal.

## II. DISCUSSION

Plaintiff moves for recusal based on 28 U.S.C. § 455 and 28 U.S.C. § 144. His motion reveals no basis for the Court's recusal under either statute.

Under 28 U.S.C. § 455(a), a judge "shall disqualify h[er]self in any proceeding in which h[er] impartiality might reasonably be questioned." Id. This ensures that the "courts must not only be, but seem to be, free of bias or prejudice." In re United States, 158 F.3d 26, 30 (1st Cir. 1998). However, courts must not grant recusal simply to avoid any allegation of prejudice since doing so "would provide litigants with a veto against unwanted judges." In re Boston's Children First, 244 F.3d 164, 167 (1st Cir. 2001). Instead, courts must weigh the objective facts asserted, "not rumors, innuendos, and erroneous information," and consider whether the actual facts "provide what an objective, knowledgeable member of the public would find to be a reasonable basis for doubting the judge's impartiality." In re United States, 666 F.2d 690, 695 (1st Cir. 1981).

Recusal under 28 U.S.C. § 144 is required only if the movant can establish an "averment of facts showing that the judge 'has' a personal bias or prejudice, not that the judge might have such a bias or prejudice or that grounds exist for further inquiry." In re Martinez-Catala, 129 F.3d 213, 219 (1st Cir. 1997). As explained below, Plaintiff does not allege any facts of my personal bias or prejudice against him but rather dissatisfaction with my rulings and docket management. In his motions, Plaintiff expresses dissatisfaction with the Court scheduling a hearing on Bartels'

2

motion to dismiss because he states he was not given a hearing on his opposition to the motion to dismiss. Two days before the hearing, the Courtroom Clerk notified Plaintiff via email that the motion to dismiss hearing would be his opportunity to present his opposition, and yet he refused by his own volition to attend. [See Aug. 6, 2024 email, Ex. 1]. Additionally, Plaintiff appears to be incensed that the Court held the motion to dismiss hearing without his presence. Plaintiff had the opportunity to appear before the Court and be heard in respect to Bartels' motion but chose not to do so at his own peril. Further, the Court did not outright grant the motion to dismiss simply because of Plaintiff's non-appearance. Rather, I took the motion under advisement and eventually granted it in part and denied it in part on the merits. [See ECF No. 77 in the USTCi case].

Plaintiff is also discontented that, in the Grasso case, the Court had previously constrained him to the page limits permitted by the District's Local Rules and struck an affidavit he had filed as "redundant, immaterial, [and] impertinent" under Federal Rule of Civil Procedure 12(f). [See ECF No. 65]. That order came after Plaintiff routinely filed memorandum with supplemental affidavits in several motions that were all above the twenty-page limit for filings, a practice he continues today. None of these above actions reveal any display of prejudice or personal bias but are mere matters of judicial administration, which district judges have clear authority to manage at their discretion. Rivera-Aponte v. Gomez Bus Line, Inc., 62 F.4th 1, 3 (1st Cir. 2023) ("To ensure the fair and prompt adjudication of cases, a district court must be able to manage its docket effectively and efficiently" and district courts are afforded "a wide margin of discretion in the performance of their case-management functions.").

While the Court is amenable to counsels' scheduling conflicts, a scheduling order issued by the Court is still a court order and failing to appear without notice or good cause is in defiance of a court order. The Court may sanction a pattern of contumacious conduct, including by

dismissing a case sua sponte, after contemplating a lesser sanction and "warning the disruptive party that it may be sanctioned." See Vivaldi Servicios de Seguridad, Inc. v. Maiso Grp., Corp., 93 F.4th 27, 30 (1st Cir. 2024) (citing Lawes v. CSA Architects & Eng'rs, 963 F.3d 72, 191 (1st Cir. 2020)). The Court respects that there is a "strong presumption in favor of deciding cases on the merits" and parties should be afforded "procedural aspects such as notice." Id. at 31 (quoting Garcia-Perez v. Hosp. Metropolitano, 597 F.3d 6, 7 (1st Cir. 2010) (per curiam)) (internal quotation marks omitted). However, "a pattern of contumacious conduct" may warrant a dismissal under Fed. R. Civ. P. 41(b). Id.

Mr. Isijola is therefore advised to abide by all court orders, including orders to appear and orders to comply with filing rules, unless he can display good cause for not doing so. Continued disruptive conduct may warrant more severe sanctions.

### III. CONCLUSION

For the reasons stated above, Plaintiff's motions for recusal are **DENIED**.

**SO ORDERED.**

Dated: October 31, 2024

                                                            /s/ Margaret R. Guzman
                                                Margaret R. Guzman
                                                United States District Judge