UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| **Femi Jay Isijola,** | ) |
| Plaintiff, | ) |
| v. | ) Civil No. 4:23-cv-40080-MRG |
| **US Telecommunications, Inc., Miguel Ortiz, and Monica Bartels,** | ) |
| Defendant(s). | ) |

### ORDER ON FAILURE TO SHOW CAUSE [ECF No. 117]

**GUZMAN, J.**

For reasons set forth below, Plaintiff Femi Jay Isijola's claims against Defendant Miguel Ortiz are **DISMISSED** without prejudice for failure to show cause and failure to serve.

**I.   BACKGROUND**

Isijola filed his complaint with the Court on July 11, 2023. [ECF No. 1]. The Court gave Isijola 90 days from issuance of the summons against Defendants to complete service. [ECF No. 7]. The Court issued summons as to all Defendants on October 11, 2023. [ECF No. 9]. The Court also gave Isijola instructions regarding service in accordance with 28 U.S.C. § 1915(d), Fed R. Civ. P. 4 and Local Rule 4.1. [ECF No. 7, 9]. On January 18, 2024, the Process Receipt and Return for Ortiz was returned unserved and was posted to the CM/ECF docket on March 12, 2024. [ECF No. 52]. To date, Isijola has not filed a motion for enlargement of time in accordance with Local Rule 4.1(b).

On October 31, 2024, the Court issued a Show Cause Order regarding the failed service to Ortiz, and afforded Isijola notice of Local Rule 4.1(b) and Fed. R. Civ. P. 4(m). [Show Cause Order, ECF No. 117]. Accordingly, the Court ordered Isijola to show cause as to why his claims against Ortiz should not be dismissed for failure to serve by November 14, 2024. [Id.] Isijola filed his response to the Show Cause Order on November 14, 2024. [ECF No. 128].

## II.     LEGAL STANDARDS

Rule 4(m) of the Federal Rules of Civil Procedure provides:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). Most plaintiffs are responsible for their own service obligations, however plaintiffs proceeding *in forma pauperis* ("IFP") are statutorily afforded special assistance by the court and the U.S. Marshals Service under 28 U.S.C. § 1915(d). Section 1915(d), in part, provides that "[t]he officers of the court shall issue and serve all process, and perform all duties" in cases brought by litigants proceeding IFP. See 28 U.S.C. § 1915(d). Laurence v. Wall indicates that IFP plaintiffs are given some leeway in complying with service requirements, but such plaintiffs are still "required to cooperate with the court and the United States Marshal in effectuating service, including providing the addresses of the named defendants, if needed, and completing any necessary paperwork and forms." 551 F.3d 92, 94 (1st Cir. 2008) (per curiam). "An IFP plaintiff has a general duty to prosecute his case diligently and 'fail[s] to do so by ignoring his duty to provide the Court with current service addresses.'" Pisani v. Van Iderstine, No. 07-187M, 2011 U.S. Dist. LEXIS 73985, at *5 (D.R.I. June 27, 2011) (quoting Marks v. Does, No. C09-5489 RJB/KLS, 2010 U.S. Dist. LEXIS 139889, at *2 (W.D. Wash. Dec. 13, 2010) rev'd on other

grounds, Marks v. Doe, No. C09-5489RJB/KLS, 2011 U.S. Dist. LEXIS 4325 (W.D. Wash. Jan. 18, 2011). Additionally, "where a pro se plaintiff fails to provide accurate and sufficient information to effect service of the summons and complaint, the court's *sua sponte* dismissal of the un-served defendant is appropriate." Marks, 2010 U.S. Dist. LEXIS 139889, at *4 (citing Walker v. Sumner, 14 F.3d 1415, 1421-22 (9th Cir. 1994)); see Huertas-Laboy v. Rodriguez-Gonzalez, No. 90-1968, 1991 U.S. App. LEXIS 10778, at *12-14 (1st Cir. May 3, 1991) (holding that dismissal is warranted for failure to timely serve, provided the plaintiff has notice via a show cause order and the dismissal is without prejudice).

### III.  DISCUSSION

To begin, two points of clarification are necessary. First, the Court reads[1] Isijola's Response and Objection to the Show Cause Order as asserting that the Court already dismissed his claims against Ortiz in an earlier order, i.e., the motion to dismiss order regarding claims against Defendant Monica Bartels. [ECF No. 128 at 3-4; "Bartels MTD Order", ECF No. 77]. In that order, the Court denied the motion to dismiss as to Counts III and IV against all parties. However, the Court *sua sponte* dismissed Isijola's Title VII claims (Counts I, II, and V) against Bartels and Ortiz because they failed as a matter of law given there is no individual employee liability under Title VII. See Fantini v. Salem State Coll., 557 F.3d 22, 30 (1st Cir. 2009) ("[W]e take this opportunity to determine . . . that there is no individual employee liability under Title VII."); Butler v. Adecco USA Inc., 189 F. Supp. 3d 305, 309 (D. Mass. 2016) (collecting cases); [see Bartels MTD Order]. Second, while the docket reflects that no attorney has filed an appearance on behalf of Ortiz, Isijola states that Ortiz is represented by counsel Tara L. Humma, who currently represents Defendants

---

[1] While Isijola's arguments are, at times, difficult to parse out, the Court must construe documents filed by plaintiffs proceeding pro se liberally. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam).

Bartels and US Telecommunications, Inc. in this action. Thus, Isijola asserts that his correspondence with Humma and her filings indicate that she also represents Ortiz. [ECF No. 128 at 1-2]. This is incorrect. Attorney Humma is admitted as counsel only for Defendants U.S. Telecommunications, Inc. and Monica Bartels, and Humma has never filed anything on behalf of Ortiz. [ECF No. 17].

Turning to the merits of the issue, Isijola relies on Laurence in support of his argument that he has met his obligation for service as a pro se plaintiff because he provided the U.S. Marshals with an address for Ortiz, albeit an incorrect one. However, Laurence is distinguishable from the case at hand. In Laurence, the First Circuit vacated a district court's dismissal for insufficient service of process due to that court's failure to inform an incarcerated plaintiff that he was eligible for assistance with service by the U.S. Marshals because he was proceeding IFP. 551 F.3d at 93; 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3). Not only did that district court fail to inform the plaintiff of this benefit of proceeding IFP, it erroneously instructed the plaintiff to serve each of the fifty named defendants on his own through the prison's interdepartmental mail system. Laurence, 551 F.3d at 93. Additionally, the lower court had ignored the plaintiff's request for additional time to serve, or for service by the U.S. Marshal. Id.

In contrast, Isijola was on notice of the service assistance afforded to him from proceeding IFP, was on notice of his duties and required paperwork to serve Ortiz, was afforded sufficient time to complete process to Ortiz, made no effort to move for an extension or otherwise remedy the incomplete service to Ortiz, and failed to offer any substantive reason for good cause for this failure. Isijola interprets Laurence as an instruction to the Court to require *less* in terms of service for plaintiffs proceeding IFP. However, in Laurence, the First Circuit's reversal of the district court's action was not due to the plaintiff's IFP status alone. The plaintiff's IFP status was relevant

4

in context with the lower court's failures to correctly instruct the plaintiff of the privileges of proceeding IFP. Further, it was the lower court's own erroneous instructions to the plaintiff that blemished its dismissal of the case.

Isijola is not similarly situated to the plaintiff in Laurence; however, the facts of his case are nearly identical to those in Pisani v. Van Iderstine. See 2011 U.S. Dist. LEXIS 73985, at *1-3. In Pisani, the Rhode Island District Court ruled that an IFP plaintiff's claims against a particular defendant must be dismissed for improper service where the plaintiff failed to provide the U.S. Marshals Service with an accurate address for a defendant, the plaintiff was on notice that that service was not completed for a substantial amount of time, the plaintiff was given an opportunity to show cause for the incomplete service, and yet did not remedy the problem. Id. at *6-7. The court noted that it was the plaintiff's responsibility to provide a correct address to the Marshals and to ensure that service was ultimately completed. Id. Further, the court held that the Marshals were not responsible for locating the defendant in question or finding his correct address, noting, that "[t]o [hold] so would inappropriately place the Court and/or Marshal in the role of advocate or agent for Plaintiff." Id. at *6.

The facts here are essentially the same and call for the same result. Here, the docket shows that service for Ortiz was returned incomplete since March 12, 2024. [See ECF No. 52 ("US Marshal Process Receipt and Return for Miguel Ortiz returned UNSERVED" with document stating "return unexecuted, no one w/ that name lives [at] location")]. Isijola has demonstrated that he has access to the electronic docket and that he devotes close attention to each entry through his abundant filings that are made on a near daily basis. His failure to cure the incomplete service of Ortiz despite being on notice of such since March 2024 has no excuse.

While afforded some leeway as a pro se litigant, a finding of good cause or a decision not to dismiss Isijola's allegations against Oritz would be inconsistent with the history of this case and his demonstrated abilities as a pro se litigant. Mathew v. Citigroup Glob. Mkts. Inc., No. 23-12302-FDS, 2024 U.S. Dist. LEXIS 106979, at *19 (D. Mass. June 17, 2024) ("A pro se litigant who has demonstrated a capacity for understanding and articulating the issues may reasonably be extended fewer allowances than a pro se litigant who is hopelessly out of his depth.") (citing Sena v. Kenneway, 997 F.3d 378, 387 (1st Cir. 2021)); see also Laurence 551 F.3d at 94; Erickson, 551 U.S. at 94. Isijola has demonstrated through his filings that he is a sophisticated litigant despite his pro se status. For example, he cited relevant and controlling caselaw in his response to the Show Cause Order, indicating his capacity to understand his duties as a plaintiff. Isijola's experience with this Court and aggressive litigation of his case show he does not warrant a loosening of the rules applied to all litigants in this District.

While Isijola is a plaintiff proceeding pro se, allowing his claims against Ortiz to continue without proper service would not only allow Isijola to shirk his limited obligations in service of process, it would also lead to unjust results as Ortiz has not been afforded an opportunity to mount a defense. Additionally, the Court finds that Isijola has not shown good cause as to while his failure to serve Ortiz in a timely manner should be excused.  Like in Pisani, the Court finds that "further extension of time for service under Rule 4(m) is not warranted and would not be productive[.]" Pisani, 2011 U.S. Dist. LEXIS 73985, at *7. Isijola's response to this Court's Show Cause Order does not provide good cause for the failure to timely serve Ortiz, or any indication that the result here should differ from the result in Pisani.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's allegations against Defendant Ortiz are **DISMISSED without prejudice**.

**SO ORDERED.**

Dated:  February 20, 2025

/s/ Margaret R. Guzman
Margaret R. Guzman
United States District Judge
